# EXHIBIT "B"

# EXHIBIT "B-1"

Case 4:21-cv-00625   Document 1-2   Filed on 02/26/21 in TXSD   Page 3 of 15

1/21/2021 2:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49911743
By: D Burton
Filed: 1/21/2021 2:37 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LISA ANDERSON | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PARKWAY PROPERTY | § | |
| INVESTMENTS, LLC and GWP 3800 | § | |
| BUFFALO SPEEDWAY, LLC | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Lisa Anderson, hereinafter called Plaintiff, complaining of and about PARKWAY PROPERTY INVESTMENTS, LLC and GWP 3800 BUFFALO SPEEDWAY, LLC hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that this case be conducted in accordance with a Level 2 Discovery Control Plan, pursuant to Texas Rule of Civil Procedure 190.4.

### II.
### PARTIES

2. Plaintiff, LISA ANDERSON, is an individual who resides in Harris County, Texas.

3. Defendant, PARKWAY PROPERTY INVESTMENTS, LLC, is a company doing business in the State of Texas, and service of process may be effected upon said Defendant by serving their registered agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA or wherever they may be found. **CITATION IS HEREBY REQUESTED**.

4. Defendant GWP 3800 BUFFALO SPEEDWAY, LLC is a company doing business in the State of Texas, and service of process may be effected upon said Defendant by serving their registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201, or wherever they may be found. **CITATION IS HEREBY REQUESTED**.

Certified Document Number: 94031463 - Page 1 of 6

## III.
## ASSUMED NAMES, MISNOMER, AND ALTER EGO

5. As authorized by Rule 28 of the Texas Rules of Civil Procedure, this suit is brought against all those partnerships, unincorporated associations, private corporations, and individuals, either known or unknown, who are or were, during the period in which the incident made the basis of this lawsuit occurred, including March 16, 2019, doing business as Defendants PARKWAY PROPERTY INVESTMENTS, LLC and GWP 3800 BUFFALO SPEEDWAY, LLC. Further, in the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties named herein.

6. Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that the Defendants' agents, officers, servants, borrowed servants, employees, or representatives did such act or thing and that the time such act or thing was done, it was clone with the full authorization or ratification of Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

## IV.
## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. This court has jurisdiction over the parties because Defendants were doing business in the State of Texas.

9. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a significant portion of the incident made basis of the lawsuit occurred in this county.

Certified Document Number: 94031463 - Page 2 of 6

## V.
## FACTS

10.     The subject matter of this suit is a fall incident that occurred in or on the Defendants' premises located at 3800 Buffalo Speedway, Houston, Harris County, Texas, which was owned and/or maintained by Defendants GWP 3800 BUFFALO SPEEDWAY, LLC and PARKWAY PROPERTY INVESTMENTS, LLC.

11.     On or about March 16, 2019, as Plaintiff was walking in lobby of the Defendants' premises, she tripped and fell when the heel of her shoe got stuck in deteriorated grout of the tile on the floor. Plaintiff fell hard onto the floor immediately feeling pain as a result of her fall. There were no warning signs at the entrance of the lobby posted to warn patrons of this dangerous condition. The Defendants were responsible for providing a safe area for the Plaintiff, an invitee at the time of the fall.

12.     Defendants and their employees were aware, or reasonably should have been aware, that this unreasonably dangerous condition existed, yet made no efforts to reduce or eliminate the unreasonably dangerous condition, nor did they warn Plaintiff about the dangerous condition. As a result of the fall, Plaintiff sustained serious and permanent personal injuries and damages.

## VI.
## NEGLIGENCE OF THE DEFENDANTS

13.     Plaintiff alleges that upon the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

    a.     Failure to keep their premises reasonably safe for their customers;

    b.     Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions;

    c.     Failure to reasonably and regularly inspect the premises for unreasonably dangerous conditions on areas known to regularly contain potential unreasonable dangers;

Lisa Anderson v. Parkway Property Investments, LLC and GWP 3800 Buffalo Speedway, LLC
Plaintiff's Original Petition                                                                                              Page 3

Certified Document Number: 94031463 - Page 3 of 6

d. Failure to ensure that their employees reduce or eliminate any unreasonably dangerous conditions;

e. Failure to maintain policies for inspecting the premises for unreasonably dangerous conditions;

f. Failure to enforce policies for inspecting the premises for unreasonably dangerous conditions;

g. Permitting a dangerous condition, of which Defendants should have reasonably been aware, to exist for an unreasonable period of time;

h. Failure to provide adequate warning to Plaintiff of all unreasonably dangerous conditions of which the Defendants had actual or constructive knowledge;

i. Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

j. Failure to adequately train their employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

k. Failure to adequately supervise their employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

l. Failure to terminate employees incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

14. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII.
## RESPONDEAT SUPERIOR

15. At all relevant times herein, all of the agents, servants, or employees of Defendants who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to

Defendants and renders Defendants liable for all damages suffered by Plaintiff under the doctrine of *respondeat superior*.

## VIII.
## NEGLIGENCE OF THE DEFENDANTS' EMPLOYEES

16. Plaintiff alleges that upon the occasion in question, the Defendants' employees failed to use ordinary care by various acts and omissions in at least one or more of the following ways:

   a. Failure to keep the premises reasonably safe for its customers;

   b. Failure to maintain the premises;

   c. Failure to eliminate any unreasonably dangerous conditions; and

   d. Failure to give adequate warning to Plaintiff of all unreasonably dangerous conditions of which the employees had actual or constructive knowledge.

17. Each and all of the above stated acts and/or omissions, taken together or individually, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## IX.
## DAMAGES

18. As a result of the incident described above, Plaintiff has suffered severe personal injuries and to incur the following damages:

   A. Medical expenses in the past and future;
   B. Lost wages in the past and future;
   C. Lost earning capacity in the future;
   D. Physical pain and suffering in the past and future;
   E. Physical impairment in the past and future; and
   F. Mental anguish in the past and future.

Certified Document Number: 94031463 - Page 5 of 6

Lisa Anderson v. Parkway Property Investments, LLC and GWP 3800 Buffalo Speedway, LLC
Plaintiff's Original Petition                                                       Page 5

## XIV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Lisa Anderson, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages of no less than $500,000.00 and no more than $1,000,000.00; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE KAHN LAW FIRM, PC**

*/s/ Jennifer H. Kahn*
_____
**JOHN J. KAHN JR.**
Texas Bar No. 24034515
**JENNIFER H. KAHN**
Texas Bar No. 24032304
2225 County Road 90, Suite 109
Pearland, TX 77584
Tel. (713)226-9900
Fax. (713)226-9901
john@kahnlawyers.com
jennifer@kahnlawyers.com
**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 94031463 - Page 6 of 6

Lisa Anderson v. Parkway Property Investments, LLC and GWP 3800 Buffalo Speedway, LLC
Plaintiff's Original Petition                                                                                   Page 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2021


Certified Document Number:        94031463 Total Pages:  6

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT "B-2"

2/25/2021 1:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50917708
By: Kevin Childs
Filed: 2/25/2021 1:36 PM

CAUSE NO. 2021-03824

| | | |
|---|---|---|
| LISA ANDERSON | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PARKWAY PROPERTY INVESTMENTS, | § | |
| LLC and GWP 3800 BUFFALO SPEEDWAY, | § | |
| LLC | § | |
| *Defendants.* | § | 61ST JUDICIAL DISTRICT |

# DEFENDANT, PARKWAY PROPERTY INVESTMENTS, LLC'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **PARKWAY PROPERTY INVESTMENTS, LLC**, hereafter referred to as Defendant, and files this Original Answer in response to the claim(s) of **LISA ANDERSON**, hereafter referred to as Plaintiff, and respectfully shows the Court and Jury the following:

**I.**

Defendant, **PARKWAY PROPERTY INVESTMENTS, LLC** is not a proper party to this lawsuit as it did not own, operate, or have care, custody or control over the property and area in question.

**II.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and demands strict proof thereof as required by the constitution and laws of the State of Texas.

**III.**

Pleading further, Defendant asserts that the incident made the basis of this suit and/or Plaintiff's alleged injuries were proximately caused by the sole negligence or contributory

y

negligence and other conduct on the part of the Plaintiff, **LISA ANDERSON**, including failure to use ordinary care.

### IV.

Defendant further answers and says that if the Plaintiff has suffered or is suffering from any illness, disease, or condition which, in whole or in part was and is the result of some prior or subsequent accident, injury, disease, physical defect, or bodily condition and which did not proximately result from the occurrence made the basis of this suit, then Plaintiff is not entitled to recover for those damages in connection with the incident in question.

### V.

If Plaintiff is claiming loss of income or earning capacity, Defendant pleads the defense set forth in Tex. Civ. Prac. and Rem. Code Section 18.091, requiring Plaintiff to prove her loss of earnings and/or loss of earning capacity in the form which represents her net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law.  Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages, if any, sought by the Plaintiff, is subject to federal and state income taxes.

### VI.

Further, Defendant affirmatively seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against it in connection with this lawsuit.

### VII.

Further, to the extent that the medical expenses and/or health care expenses exceed the amount actually paid on behalf of Plaintiff, this Defendant asserts the statutory defense set forth in

§41.0105 of the Texas Civil Practice & Remedies Code; thus, recovery of medical and/or health care expenses by the Plaintiff are limited to the amount actually paid by or on behalf of the Plaintiff.

## VIII.

Defendant further alleges a failure to mitigate damages on the part of the Plaintiff to the extent any of her medical treatment was not covered by a policy providing medical coverage as required by law, or if she failed to submit any or all of her medical bills to her health insurance provider. Defendant further alleges a failure to mitigate to the extent that the Plaintiff may have delayed seeking medical treatment and/or failed to comply with medical treatment, protocols and advice.

## IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby provides actual notice that any and all documents produced by any party involved in this case will be considered self-authenticated and may be used at any pretrial proceeding and/or at the trial of this matter.

## DESIGNATED E-SERVICE EMAIL ADDRESS

Pursuant to TRCP, Rule 21 (f) (2) and 21 (a), the following is designated as the undersigned's **ONLY valid email address for electronic service of documents** (i.e., pleadings, motions, discovery, and notices): **EservHous@travelers.com**   Service through any other email address will be considered invalid.

All other communications which are *not* related to the service of documents should be sent to the undersigned's personal email address, reflected below.

WHEREFORE, PREMISES CONSIDERED, Defendant, **PARKWAY PROPERTY INVESTMENTS, LLC**, having answered herein, prays that Plaintiff take nothing by this suit, that Defendant be discharged without delay, that Defendant be awarded all costs of Court, and all further relief, both general and special, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**DEAS & ASSOCIATES**

_____
**J. PRESTON WROTENBERY**
TSB No. 22083400
**MAILING ADDRESS:**
P.O. Box 64093
St. Paul, MN  55164-0093
**PHYSICAL ADDRESS:**
4650 Westway Park Blvd., Ste. 150
Houston, Texas  77041
(281) 606-8968
(281) 606-8970 (Fax)
Personal Email: jwrotenb@travelers.com
*ESERVICE ONLY: EservHous@travelers.com
(*only use for service of pleadings and discovery)
**ATTORNEY FOR DEFENDANT,**
**PARKWAY PROPERTY INVESTMENTS, LLC**

## JURY DEMAND

Defendant formally requests a trial by jury and tenders payment in satisfaction of the jury fee.

4

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record, or parties pro se, as listed below by either regular mail, certified mail, return receipt requested, hand delivery, facsimile and/or electronic transmission, on this the 25th day of February, 2021.

| | |
|---|---|
| John J. Kahn, Jr. | *Via E-Service: john@kahnlawyers.com* |
| Jennifer H. Kahn | *Via E-Service: jennifer@kahnlawyers.com* |
| The Kahn Law Firm, PC | |
| 2225 County Road 90, Ste. 109 | |
| Pearland, Texas  77584 | |
| **ATTORNEYS FOR PLAINTIFF** | |

_____
**J. PRESTON WROTENBERY**